**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Santos Campos and Martin Cuellar, Plaintiffs<br><br>v.<br><br>Orland Beef, LLC (d/b/a Pop's Beef – Orland #2);<br>MMM Partnership (d/b/a Pop's Beef – Orland #1);<br>Lockport Beef LLC (d/b/a Pop's Beef - Lockport) and<br>Michael Motto, Matthew Motto, Mark Motto, and<br>Burke Matyas, individually, Defendants | |

## COMPLAINT

Santos Campos and Martin Cuellar (collectively "Plaintiffs") pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL") complains against Orland Beef, LLC (d/b/a Pop's Beef – Orland #2); MMM Partnership (d/b/a Pop's Beef – Orland #1); Lockport Beef LLC (d/b/a Pop's Beef - Lockport) and Michael Motto, Matthew Motto, Mark Motto, and Burke Matyas, (collectively, "Defendants"), and state:

## Introduction

1. Overtime wages are required by the FLSA and the IMWL.

2. This action seeks redress for Defendants' failure to pay Plaintiffs earned overtime wages.

3. Plaintiffs are former employees of the Defendants' and were not paid their earned overtime wages.

## Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiffs' FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiffs' state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## Facts

7. Defendants own and operate Orland Beef, LLC (d/b/a Pop's Beef – Orland #2), located at 9400 West 159th Street, Orland Park, Illinois 60467; MMM Partnership (d/b/a Pop's Beef – Orland #1), located at 14279 South Wolf Road, Orland Park, Illinois 60462 ; Lockport Beef LLC (d/b/a Pop's Beef - Lockport), located at 16600 West 159th Street, Lockport, Illinois 60441 within the three years preceding the filing of this complaint

8. Michael Motto resides in and is domiciled in this judicial district.

9. Matthew Motto resides in and is domiciled in this judicial district.

10. Mark Motto resides in and is domiciled in this judicial district.

11. Burke Matyas resides in and is domiciled in this judicial district.

12. Michael Motto, Matthew Motto, Mark Motto, and Burke Matyas are the owners of Orland Beef, LLC (d/b/a Pop's Beef – Orland #2) and are involved in the day-to-day business operations of Orland Beef, LLC and have the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

13. Michael Motto, Matthew Motto, and Mark Motto are the owners of MMM Partnership, LLC (d/b/a Pop's Beef – Orland #1) and are involved in the day-to-day business operations of MMM Partnership, LLC and have the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

14. Michael Motto and Matthew Motto are the owners of Lockport Beef, LLC (d/b/a Pop's Beef – Lockport) and are involved in the day-to-day business operations of Lockport Beef, LLC and have the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

15. Orland Beef, LLC (d/b/a Pop's Beef – Orland #2) is as an enterprise under 29 U.S.C. § 203(r)(1).

16. MMM Partnership, LLC (d/b/a Pop's Beef – Orland #1) is as an enterprise under 29 U.S.C. § 203(r)(1).

17. Lockport Beef, LLC (d/b/a Pop's Beef – Lockport) is as an enterprise under 29 U.S.C. § 203(r)(1).

18. Orland Beef, LLC (d/b/a Pop's Beef – Orland #2) is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. MMM Partnership, LLC (d/b/a Pop's Beef – Orland #1) is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

20. Lockport Beef, LLC (d/b/a Pop's Beef – Lockport) is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

21. Orland Beef, LLC (d/b/a Pop's Beef – Orland #2) had annual gross sales of $500,000.00 or more during the last three years.

22. MMM Partnership, LLC (d/b/a Pop's Beef – Orland #1) had annual gross sales of $500,000.00 or more during the last three years.

23. Lockport Beef, LLC (d/b/a Pop's Beef – Lockport) had annual gross sales of $500,000.00 or more during the last three years.

24. Defendants were Plaintiffs' employer as defined by the FLSA and IMWL.

25. Plaintiffs were Defendants' employees as defined by the FLSA and IMWL.

26. Plaintiffs were employed by Defendants in Cook County and Will County, which are in this judicial district.

27. Plaintiff Campos worked for Defendants from about August 2014 to December 2016.

28. Plaintiff Cuellar worked for Defendants from about June 2010 to December 2016.

29. Plaintiffs' job functions included cooking and preparing food at Defendants' restaurants: Pop's Beef – Orland #1; Pop's Beef – Orland #2; and Pop's Beef – Lockport.

30. Defendants paid Plaintiffs in check and cash throughout their employment.

## COUNT I: FLSA Overtime Wage Violation

31. Plaintiffs incorporate all paragraphs above as if fully restated below.

32. Plaintiffs' notices of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A and Exhibit B.

33. Plaintiffs were directed by Defendants to work more than forty (40) hours per week.

34. Throughout the course of Plaintiffs' employment with Defendants, Plaintiffs worked more than forty (40) hours weekly in one or more individual work weeks.

35. Defendants did not pay Plaintiffs overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

36. Plaintiffs' wages were not based on the number of jobs performed or completed, nor were they based on the quality or efficiency of job performance.

37. Plaintiffs are not exempt from the overtime provisions of the FLSA.

38. Defendants' failure to pay overtime violated the FLSA.

39. Defendants' FLSA violation was willful.

40. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs over forty (40) hours in individual work weeks;

B. Award liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: IMWL Overtime Wage Violation

41. Plaintiffs incorporate all paragraphs above as if fully restated below.

42. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

43. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

44. Defendants directed Plaintiffs to work more than forty (40) hours in individual work weeks.

45. Plaintiffs worked more than forty (40) hours in individual work weeks.

46. Defendants did not pay earned overtime wages to the Plaintiffs.

47. Plaintiffs was not exempt from overtime wages.

48. Defendants violated the IMWL by failing to compensate Plaintiffs consistent with the IMWL's overtime wage provisions.

49. Defendants violated the IMWL by failing to pay Plaintiffs overtime wages for all hours worked in individual work weeks.

50. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs under the IMWL;

B. Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted on Wednesday, March 8, 2017.

**Bryan Pacheco**
*Counsel for the Plaintiff*

Consumer Law Group, LLC
6232 North Pulaski Road
Suite 200
Chicago, Illinois 60646
312-445-9662
bpacheco@yourclg.com